UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KEITH RANIERE,

Defendant.

MEMORANDUM & ORDER
18-CR-204 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are two motions filed by Defendant Keith Raniere: (1) his motion for reconsideration of the court's November 6, 2023, Memorandum and Order denying his motion to compel production of evidence, (*see* Mot. for Recons. (Dkt. 1225)), and (2) a separate motion to compel production of evidence. (*See* Post-Conviction Mot. to Compel dated December 21, 2023 ("Second MTC") (Dkt. 1230).) For the reasons set forth below, both motions are DENIED.

The court further sets April 22, 2024, as the final deadline for Defendant's submission of his Reply in support of his pending Rule 33 motion.

I. BACKGROUND

The court assumes familiarity with the background of this case. In brief, Mr. Raniere was convicted on June 19, 2019 on seven counts, including racketeering, racketeering conspiracy, wire fraud conspiracy, forced labor conspiracy, sex trafficking conspiracy, and two counts of sex trafficking. (*See* Jury Verdict (Dkt. 735).) On October 27, 2020, he was then sentenced to 120 years in the custody of the Federal Bureau of Prisons. (*See* October 27, 2020 Minute Entry (Dkt. 968).) Since his conviction, Mr. Raniere has filed three motions for a new trial pursuant to Fed. R. Crim.

1

P. 33. (*See, e.g.*, First Rule 33 Mot. (Dkt. 851); Second Rule 33 Mot. (Dkt. 956); Third Rule 33 Mot. (Dkts. 1169, 1176).) The court denied the first two of the these. (Mem. and Order dated July 17, 2020 (Dkt. 902) (denying first Rule 33 motion); Mem. and Order dated October 23, 2020 (Dkt. 963) (denying second Rule 33 motion).) His third remains pending.

Since filing his latest Rule 33 motion, Mr. Raniere has made two requests to the court to compel the Government to produce information relating to his child exploitation and child pornography predicate acts. (*See* Post-Conviction Mot. to Compel dated April 14, 2023 ("First MTC"); Second MTC.) On November 6, 2023, this court denied Mr. Raniere's first motion to compel the production of evidence. (*See* Mem. and Order dated November 6, 2023 (Dkt. 1224) (denying First MTC).) Mr. Raniere then moved for reconsideration of this denial two weeks later. (Mot. for Recons; *see also* Opp. to Mot. for Recons. (Dkt. 1229).) He then filed his second, separate request for the court to compel production of evidence on December 21, 2023. (Second MTC; *see also* Opp. to Second MTC (Dkt. 1231); Reply (Dkt. 1233); Supp. Reply (Dkt. 1235).)

The court considers the motion for reconsideration and the latest motion to compel in turn.

## II. MOTION FOR RECONSIDERATION

The standard courts apply when considering motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking

2

a second bite at the apple[.]" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Courts in this Circuit have thus generally held that parties seeking reconsideration may not advance new facts not previously presented to the Court. *See In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (noting that a "party seeking reconsideration" may not "advance new facts, issues, or arguments not previously presented to the Court.") (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)); *United States v. Morillo-Vidal*, No. 10-CR-222 (RWS), 2011 WL 4072173, at *2 (S.D.N.Y. Sept. 13, 2011); *see also* Local Civil Rule 6.3 ("No affidavits shall be filed by any party unless directed by the Court.")

Mr. Raniere does not cite to any controlling law that the court overlooked. (*See generally* Mot. for Recons.) He asserts that the court overlooked two items that Defendant argues are "critical"—(1) that it was fundamentally unfair for the court to consider the Loveall Declaration and (2) that the Loveall Declaration was incorrect. (Mot. for Recons. at 1-2); *see also* Loveall Decl. (Dkt. 1213-3).) But neither of these arguments were overlooked or alter the conclusion reached by the court. The court, in denying the motion to compel evidence, found that Mr. Raniere did not have "(1) *Brady* rights to this information; (2) post-conviction due process rights to this information; and (3) the right to this information under principles of 'elemental fairness.'" (Mem. and Order dated November 6, 2023 at 5.) The Loveall Report was considered by the court in the latter "elemental fairness" analysis alongside the "ample evidence at trial" when finding that "even assuming" a standard premised on "elemental fairness" applied, Mr. Raniere could not meet this standard. (*Id.* at 8-10.) Specifically, the court found that:

> Mr. Loveall's report, refuting Kiper's key findings, offers a far more plausible and convincing explanation of any anomalies

3

in the photos' metadata. Mr. Loveall's report is further supported by the ample evidence presented at trial and Camila's declaration that she is certain of the circumstances and timing of the photos. In sum, the evidence presented at trial, the Government's expert report, and Camila's declaration substantially outweigh the arguments raised in the Report and Mr. Raniere's motion. Mr. Raniere therefore does not raise a reasonable probability that testing the evidence would demonstrate he did not commit the offense. (*Id.* at 10.)

Mr. Raniere's arguments in the present motion questioning the veracity of the report are better characterized as attempts to relitigate old issues. *See Analytical Surveys, Inc.*, 684 F.3d at 52. The court therefore DENIES Defendant's motion for reconsideration.

## III. SECOND POST-CONVICTION MOTION TO COMPEL

This Second MTC has much in common with the first. Mr. Raniere again requests information that he argues will demonstrate that the Government fabricated evidence relating to his conviction of racketeering acts of child pornography and child exploitation. (*See generally* Second MTC.)[1] And he again argues that withholding this information violates his due process rights and principles of "elemental fairness." (*Id.* at 9-12).

The court thus incorporates its discussion concerning the relevant standards to Mr. Raniere's request to compel production of

---

[1] In his First MTC, "Mr. Raniere request[ed] (1) two forensic copies of the camera card and corresponding FTK log files; (2) a file listing of the Hard drive that contained the images of child pornography (the "Western Digital hard drive"); and (3) CART examination notes." (Memorandum and Order dated November 6, 2023 at 3 n.1.) In his Second MTC, Mr. Raniere requests: "all information pertaining to the unknown photograph technician who, prior to trial, and without authorization, changed and forensically manipulated an unpreserved, essential piece of evidence – the camera card." (Second MTC at 1; *see also* Second MTC, Ex. A (Requested Information Relating to the Photograph Technician) (Dkt. 1230-1).)

evidence from its November 6, 2023 order. (*See* Mem. & Order dated November 6, 2023 at 5-11.) In considering Defendant's present request under these standards, the court finds that Mr. Raniere does not have post-conviction due process right to the requested information and DENIES his motion.

Mr. Raniere again does not cite any law showing he has a right to the information requested. He primarily relies on *U.S. v. Abuhamra* 389 F.3d 309, 322. (2d Cir. 2004), for the contention that the Government must hand over this information. (*See* Second MTC at 9-10). In *Abuhamra*, the Second Circuit found that the respondent's right to a fair hearing was violated when the district court relied on information presented *ex parte* and *in camera* when denying respondent's bail application. *Id.* at 332-33. *Abuhamra* is thus inapplicable to this case where the court did not rely on arguments presented *ex parte* or *in camera* and does not concern access to information relevant to a party's bail application. This motion instead concerns a request for information relevant to Mr. Raniere's post-conviction motion for a new trial. His rights to this information therefore "must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief." *Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 69 (2009).

And Mr. Raniere again does not demonstrate that "elemental fairness" should lead the court to compel the Government to grant him access to this information. Mr. Raniere's counsel had an opportunity to review and test the veracity of the photographic evidence prior to trial. (*See* Mem. and Order dated November 6, 2023 at 10-11.) The evidence requested would thus not support his Rule 33 motion because he cannot show that "'the evidence could not with due diligence have been discovered before or during trial.'" (*Id.* (quoting *United States v. Forbes*, 790 F.3d 403, 408-09 (2d Cir. 2015)). And Mr. Raniere is unable to

5

show that the evidence raises a reasonable probability as to his innocence in light of the substantial evidence supporting the relevant charges in addition to the photos, including:

> messages from [the victim] where she referenced her sexual relationship with Raniere beginning in 2005 when she was fifteen years old; communications from Mr. Raniere referencing the photos; testimony from [the victim's] sister that she was aware of the relationship prior to Fall 2006; a folder containing nude pictures of the other women with whom Mr. Raniere had a sexual relationship and in which the pictures of [the victim] were found; testimony that Mr. Raniere sought to take similar pictures of other women; [the victim's] medical records, which included statements indicating she was in a sexual relationship with the same partner since she was underage; and testimony from [the victim's] sister identifying her as the person in a sanitized version of the photos. (Id. at 2.)

The Government provided additional information rebutting the claims of fabrication including: a declaration from the victim verifying the photos and the Loveall report discussed above. (*Id.* at 4, 9-10.) Considered together, Mr. Raniere is unable to demonstrate a reasonable probability that he did not commit the offense.

The court therefore finds that "Mr. Raniere provides no legal support for his request, and even if applying his desired standard of 'fundamental fairness,' Mr. Raniere fails to show that access to this evidence violates fundamental fairness." (*Id.* at 11.)

## IV. RULE 33 MOTION

Mr. Raniere was convicted in June 2019 and his third Rule 33 motion for a new trial has been outstanding since May 2022. (*See* Third Rule 33 Mot.) The court has not ruled on this motion primarily due to his filing of separate motions that the court

6

considered and decided. (*See e.g.,* Not. of Mot. for Recusal (Dkt. 1170); First MTC; Second MTC.) The court also granted multiple requests to extend the deadline for Mr. Raniere to file a reply in support of his third Rule 33 motion due to logistical challenges presented by Mr. Raniere's incarceration. *(See* Def. Mots. for Extension of Time to Reply (Dkts. 1217, 1220, 1221, 1222, 1226).)

This court granted the most recent extension of time to file a reply on November 28, 2023, at which time the court noted that it would update the deadline for the Reply when ruling on Mr. Raniere's motion for reconsideration. (See Min. Entry dated November 28, 2023.) The court now sets the deadline for April 22, 2024, approximately 45 days following the release of this order. The court will not grant an additional request for an extension beyond this date. Mr. Raniere has had ample time to consider and respond to the Government's response to Mr. Raniere's third Rule 33 motion and now has an additional 45 days to do so. Any potential prejudice in not granting an additional extension is outweighed by an interest in the finality of his conviction.

7

## V. CONCLUSION

For the reasons discussed herein, the court DENIES Mr. Raniere's motion for reconsideration and second post-conviction motion to compel. The court further sets a final deadline of April 22, 2024, for Mr. Raniere to file his reply in support of his pending third Rule 33 motion for a new trial.

SO ORDERED.

Dated:   Brooklyn, New York
         March 6, 2024

                                    s/Nicholas G. Garaufis
                                    ───────────────────────
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge