# 24-778-cr(L)

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,
*Appellee,*

v.

KEITH RANIERE,
*Defendant-Appellant.*

**On Appeal from the United States District Court
for the Eastern District of New York**

## SUPPLEMENTAL AMICUS BRIEF for DEFENDANT-APPELLANT

Aaron M. Goldsmith, Esq.
LAW OFFICE OF
AARON M. GOLDSMITH, PC
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
*aarongoldsmithlaw@gmail.com*
*Attorney for Amicus Filer*
*Hon. Richard Mays, Sr.*

1

## SUPPLEMENTAL ARGUMENT

Please accept this submission in supplement to the brief filed on November 1, 2024. Following my original *Amicus* submission, the Government filed its Response Brief in Opposition on January 27, 2025 (Dkt Entry: 61.1) (hereinafter referred to as "Government's Brief"). The Government's Brief appears to have contained admissions, or the concession, of allegations made by Defendant/Appellant RANIERE in his Rule 33 motions and the instant appeal. I respectfully submit this supplement to hopefully assist the Court in ensuring the integrity of the proceedings now under review.

On or about November 22, 2024, a letter was sent to U.S. Attorney Breon Peace by Mr. Raniere's defense team and prominent legal figures including myself as an Amicus filer, addressing serious concerns regarding Government misconduct See Exhibit A at Bates 1-36. These letters and their accompanying extra-judicial attachments are submitted not as new evidence, but to provide critical context for this Court regarding the misconduct that U.S. Attorney had been put on notice of.

After receiving no response, Professor Dershowitz sent a follow-up letter reiterating the gravity of the concerns, stating:

> "We are at a critical juncture... The evidence we have submitted, including the FBI records provided by your Office, clearly demonstrates systematic government malfeasance in Mr. Raniere's case that is easily verifiable." *Id* at Bates 37.

2

The Office acknowledged receipt, but declined to meet before U.S. Attorney Peace's term ended. Weeks later, on January 27, 2025, the Government submitted its Brief. That response contains material misrepresentations and omissions regarding the misconduct already detailed in the prior correspondence. These misrepresentations are addressed fully in Defendant/Appellant's Reply Brief (DktEntry: 72.1 at 4-7) and shall not be repeated here. However, note these assertions directly contradict what the Government had been placed on notice of, in the November correspondence, including the findings related to the creation of a second forensic copy and the execution of the search at 8 Hale, both of which the Government defended as proper.

Shockingly, the Government's Brief asserts that yet another previously unnamed and undisclosed Government agent handled the digital camera's unpreserved memory card before any forensic imaging or being received by CART for processing, reinforcing the necessity of judicial scrutiny herein. (See DktEntry 61.1 at 7-8).

It is both critical and axiomatic to this case, that from pre-trial submissions through Defendant/Appellant's Rule 33 motions the Government vehemently denied any wrongdoing, and the Court accepted their misrepresentations whole-cloth. Yet, in the Government's Brief, it boldly concedes that not only had an unnamed FBI technician – who was concealed from the chain of custody and was revealed to exist only in the Government's Rule 33 responses, and is a subject of Defendant/Appellant's Rule 33

3

motions – accessed key, unpreserved evidence, it admits that an additional, previously unrecorded, undisclosed and unnamed agent handled the unpreserved materials as well.

This staggering new admission, in conjunction with the Trial Court's *in limine* ruling prohibiting Defense from attempting to impeach prosecution witnesses on alleged government misconduct along with the post-trial rulings of the Trial Court, clearly and unequivocally show that Defendant/Appellant was denied due process by both the Government's malfeasance and the Trial Court's bias.

Central to Defendant/Appellant's appeal, is the District Court's reliance on an undated, unsworn, and unsubstantiated report from FBI Senior Computer Scientist David Loveall II, who never testified, nor was subjected to cross-examination in the case at all. His report was used to dismiss serious allegations of evidence falsification, unanimously raised by seven independent Defense experts, including four former FBI CART examiners. Additionally, Justice Department's selective assignment of Mr. Loveall to other sensitive cases of national significance raises even greater institutional concerns.

To allow a conviction to stand on the strength of an unexamined scientific report – devoid of *any* supporting data and authored by someone never subjected to cross-examination or jury scrutiny – would set a dangerous precedent, enabling the government to insulate itself from accountability post-trial simply by avoiding

4

adversarial testing.

Moreover, shortly after the *Amicus* Brief was filed, the concerns expressed by myself and others regarding the glaring irregularities of this case drew national attention. *Newsweek* retained digital forensic expert Micah Sturgis, a former law enforcement officer with over a decade of experience and training at the U.S. Secret Service's National Computer Forensic Institute, to independently evaluate the circumstances herein. Mr. Sturgis preliminarily agreed with Defendant/Appellant's expert's findings:

> "It appears to me that the FBI has altered the images, or they have changed the evidence to fit their narrative... When you've got [these findings] ... by seven experts, and a judge [dismisses] it, that entire judicial system needs to be brought into question." [1]

**The sheer scale and gravity of the Government misconduct presented here is unlike anything I have encountered in my decades of service as a prosecutor and judge.** All the while, Defendant/Appellant sits incarcerated facing an unconscionably disparate 120-year sentence. An evidentiary hearing is necessary due to material, outstanding gaps in the record concerning the integrity of key evidence and the conduct of Government agents.

---

[1] *See* Valerie Bauman, "New Evidence of Alleged FBI Malfeasance Emerges in Sex Cult Founder's Case", Newsweek, Dec. 23, 2024, https://www.newsweek.com/fbi-nxivm-crime-sex-cult-keith-raniere-2004375.

## **CONCLUSION**

Now more than ever, the record on appeal is an immutable image of the Trial Court's unbridled deference to the Government. The record shows the Government's malfeasances and the Trial Court's abuses of discretion in both diminishing the severity of, if not wholly ignoring, them while refusing to credit valid Defense arguments. For the foregoing reasons, it is respectfully requested that this Court issue an Order dismissing the indictment in light of the Government's actions; or alternatively vacating the Decisions/Orders of the Trial Court, Numbered 1238, 1256 and 1194, reversing and remanding the matter to the trial court; and for such other and further relief as this Court deems just and proper.

Dated:    New York, NY
          May 28 , 2025            Aaron M. Goldsmith, Esq.
                                   Law Office of AARON M. GOLDSMITH, PC
                                   225 Broadway Suite 715
                                   New York, NY 10007
                                   (914) 588-2679
                                   *aarongoldsmithlaw@gmail.com*

                                   *Attorney for Amicus Filer*

                                   Hon. Richard Mays, Sr., *Amicus Filer*

6

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this reply brief contains  1,216  words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 14-point Times New Roman.

_____          May 28 , 2025_____
Aaron M. Goldsmith, Esq.          Date
*Attorney for Amicus Filer*

7

## CERTIFICATE OF SERVICE

I certify that on this the <u>28th</u> day of May, 2025, pursuant to 2nd Circuit Rules

and FRAP 25, I caused the foregoing to be served electronically on the following

through the ECF System:

_____

Aaron M. Goldsmith, Esq.
*Attorney for Amicus Filer*

May <u>28</u>, 2025
Date